J-S52027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CUONG PHAM | |
| Appellant | No. 1958 EDA 2015 |

Appeal from the Judgment of Sentence Entered March 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0014307-2011

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:               **FILED NOVEMBER 22, 2016**

Appellant, Cuong Pham, appeals from the March 23, 2015 judgment of

sentence imposing six to twelve months of county incarceration for

patronizing a prostitute (18 Pa.C.S.A. § 5902(e)).  We affirm.

The trial court summarized the facts in its Pa.R.A.P. 1925(a) opinion:

> On December 9, 2010, at about 12:30 a.m., Philadelphia
> Police officer Stephanie Rosenbaum and other officers were in
> the 1800 block of East Sergeant Street investigating activity
> related to prostitution because of a string of murders of
> prostitutes in the area.  Officer Rosenbaum's role was to act as a
> decoy.  While doing so, a brown Nissan Maxima pulled up to her
> and the driver, the Appellant herein, told the officer that he
> wanted a "blowjob."  Officer Rosenbaum asked Appellant how
> much he was willing to pay and he said, "$20.00."  Officer
> Rosenbaum contacted members of her back up team who placed
> then [sic] Appellant then [sic] arrest.

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant testified in his own defense. He stated that the night of the incident he intended to visit a Vietnamese handyman who he wanted to hire to remove Appellant's property. According to Appellant, while looking for a parking spot, a woman approached and asked him what he wanted and if he had any money. He asked her what she wanted and told her to leave. Appellant denied that he was looking for oral sex that night or that he asked the officer for a blowjob, adding that his wife was in the car when the officer approached but had exited to meet the handyman before he was arrested.

Jane Huynh, Appellant's wife, also testified in his defense. She indicated that on the night of her husband's arrest, she drove to the area where the incident occurred to meet her husband who was planning to meet with a handyman. When Appellant arrived, she entered the passenger side back seat of Appellant's car, which had a large coffee pot and tools partially obscuring her. While her husband was searching for a parking spot, a woman approached the car and said something to Appellant.

Trial Court Opinion, 1/21/16, at 2-3 (record citations omitted).

Appellant's case proceeded to a two-day jury trial concluding on June 6, 2012. The trial court imposed six to twelve months of county incarceration, and Appellant appealed. The Commonwealth conceded that a new trial was appropriate given the prosecutor's comments on Appellant's post-arrest silence. After a March 23, 2015 bench trial, the trial court found Appellant guilty of patronizing a prostitute and once again sentenced him to serve six to twelve months of county incarceration. In this timely appeal, Appellant challenges the weight and sufficiency of the evidence supporting his conviction. Appellant also argues the prosecutor committed misconduct by misrepresenting several facts during closing argument.

- 2 -

The following standard governs our review of the sufficiency of the evidence:

> Our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence[.] […] Significantly, [we] may not substitute [our] judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed.

*Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa. Super. 2005) (internal citations and quotation marks omitted), *appeal denied*, 887 A.2d 1239 (Pa. 2005).

Section 5902 defines the offense of patronizing a prostitute as follows:

> **(e) Patronizing prostitutes.--**A person commits the offense of patronizing prostitutes if that person hires a prostitute or any other person to engage in sexual activity with him or her or if that person enters or remains in a house of prostitution for the purpose of engaging in sexual activity.

18 Pa.C.S.A. § 5902(e).

Officer Rosenbaum's testimony clearly establishes that Appellant asked Officer Rosenbaum for oral sex and offered to pay her $20.00. Appellant argues that Officer Rosenbaum's testimony is not sufficient because both Appellant and his wife testified that he did not solicit oral sex. Appellant's argument is a challenge to Officer Rosenbaum's credibility, a matter strictly

within the province of the finder of fact. ***Commonwealth v. Gibbs***, 981 A.2d 274, 282 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010). Furthermore, a challenge to witness credibility goes to the weight rather than sufficiency of the evidence. ***Id.*** We reject Appellant's sufficiency of the evidence claim for the reasons stated in the trial court's January 21, 2016 opinion.[1]

Next, Appellant challenges the weight of the evidence. Rule 607 of the Pennsylvania Rules of Criminal Procedure requires an appellant to preserve this issue in a timely motion either prior to or post-sentence. Pa.R.Crim.P. 607(A). Appellant concedes that he failed to preserve his weight of the evidence argument in accordance with Rule 607. Appellant's brief at 24. We therefore will not address this issue on the merits.

---

[1] The Dissent argues that Appellant's offer of $20.00 for oral sex was not legally sufficient to constitute a violation of § 5902(e). We conclude Appellant has not preserved that issue. In arguing that he did not "hire" a prostitute, Appellant invites this Court to credit his testimony over that of Officer Rosenbaum. Appellant's brief does not address the proper construction of § 5902(e) as applied to the facts found by the jury. That is, he does not offer legal analysis of whether an offer of money for sex is a "hire" under § 5902(e). We decline to address an issue of statutory construction—and possibly an issue of first impression—without advocacy from Appellant. We are not free to reverse the trial court *sua sponte* on non-jurisdictional grounds. ***In re Smith***, 874 A.2d 131, 137 n.5 (Pa. Super. 2005) ("We may not, with limited exceptions not applicable herein, *sua sponte* address issues not raised by the parties."). In finding this issue preserved, the Dissent relies on portions of Appellant's brief in which Appellant argues that no "hire" occurred under Appellant's version of the facts. These arguments however, attempt to argue credibility that does not preserve the issue of statutory construction for our review.

Finally, Appellant argues the prosecutor engaged in misconduct by mischaracterizing some of Appellant's testimony.

> Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion. In considering this claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one.
>
> [A] prosecutor's arguments to the jury are [generally] not a basis for the granting of a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility towards the accused which would prevent them from properly weighing the evidence and rendering a true verdict.
>
> A prosecutor must have reasonable latitude in fairly presenting a case to the jury and must be free to present [his] arguments with logical force and vigor. The prosecutor is also permitted to respond to defense arguments. Finally, in order to evaluate whether the comments were improper, we do not look at the comments in a vacuum; rather we must look at them in the context in which they were made.

*Commonwealth v. Solomon*, 25 A.3d 380, 383 (Pa. Super. 2011) (internal citations and quotation marks omitted), *appeal denied*, 40 A.3d 1236 (Pa. 2012). Appellant's argument consists of a single paragraph unsupported by citation to the record or governing legal precedent, in violation of Pa.R.A.P. 2119(b) and (c). Appellant's Brief at 38-39. Regardless of this deficiency, we conclude Appellant's argument lacks merit for the reasons stated in the trial court's January 21, 2016 opinion. In particular, the trial court noted that the alleged misconduct did not prejudice Appellant. "This Court submits that it did not give much, if any, credence to the arguments here complained of because Appellant presented plausible explanations for the apparent

inconsistencies in his testimony at both of his trials and therefore, it is suggested that no relief be granted with respect to this claim."

We have concluded that each of Appellant's arguments is lack in merit or waived. We therefore affirm the judgment of sentence. We direct that a copy of the trial court's January 16, 2016 opinion be filed along with this memorandum.

Judgment of sentence affirmed.

President Judge Emeritus Ford Elliott joins this memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2016

# IN THE COURT OF COMMON PLEAS
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA    : PHILADELPHIA COURT
                                        : OF COMMON PLEAS
                                        : CRIMINAL TRIAL DIVISION
                                        :

               v.                             : CP-51-CR-0014307-2011
                                        :

CP-51-CR-0014307-2011 Comm. v. Pham, Cuong
Opinion

CUONG PHAM



7396266691

## OPINION

**MCCAFFERY, J**

Cuong Pham (hereinafter "Appellant") appeals from the judgment of sentence imposed by this Court on March 23, 2015. For the reasons set forth below, it is suggested that the judgment of sentence be affirmed.

**PROCEDURAL HISTORY**

On March 23, 2015, following a waiver trial, Appellant was found guilty of Patronizing Prostitutes, graded as a misdemeanor of the third degree, pursuant to 18 Pa.C.S. § 5902(e).[1] Following the verdict Appellant waived the preparation of pre-sentence reports and this Court imposed a sentence of time served to twelve months' incarceration. Following the imposition of sentence, Appellant filed a motion for reconsideration of sentence, which this Court denied on May 22, 2015. Appellant thereafter filed a notice of appeal and a court ordered Pa.R.A.P. 1925(b) statement. In his 1925(b) statement, Appellant asserts that the evidence was insufficient to support the verdict, the verdict was against the weight of the evidence, the Court erred by

---

[1] Appellant was originally tried by a jury in June of 2012 and was convicted of the above offense. On April 22, 2014, the Superior Court granted him a new trial. Commonwealth v. Pham, 2583 EDA 2012.

1

overruling an objection to closing comments made by the prosecutor, and the Court erred by denying his Motion for Reconsideration of Sentence.

**FACTUAL HISTORY**

On December 9, 2010, at about 12:30 a.m., Philadelphia Police Officer Stephanie Rosenbaum and other officers were in the 1800 block of East Sergeant Street investigating activity related to prostitution because of a string of murders of prostitutes in the area. (N.T. 3/23/15, 12-13). Officer Rosenbaum's role was to act as a decoy. (N.T. 3/23/15, 12-13). While doing so, a brown Nissan Maxima pulled up to her and the driver, the Appellant herein, told the officer that he wanted a "blowjob." (N.T. 3/23/15, 13). Officer Rosenbaum asked Appellant how much he was willing to pay and he said, "$20.00" Id. Officer Rosenbaum contacted members of her back-up team who placed then Appellant then arrest.

Appellant testified in his own defense. He stated that on the night of the incident he intended to visit a Vietnamese handyman who he wanted to hire to remove Appellant's property. According to Appellant, while looking for a parking spot, a woman approached and asked him what he wanted and if he had any money. (N.T. 3/23/15, 24-27, 39-40). He asked her what she wanted and told her to leave. (N.T. 3/23/15, 12-13). Appellant denied that he was looking for oral sex that night or that he asked the officer for a blowjob, (N.T. 3/23/15, 25, 39-40), adding that his wife was in the car when the officer approached but had exited to meet the handyman before he was arrested. (N.T. 3/23/15, 42).

Jane Huynh, Appellant's wife, also testified in his defense. She indicated that on the night of her husband's arrest, she drove to the area where the incident occurred to meet her husband who was planning to meet with a handyman. (N.T. 3/23/15, 61, 64). When Appellant arrived, she entered the passenger side back seat of Appellant's car, which had a large coffee pot and

2

tools partially obscuring her. (N.T. 3/23/15, 61-62). While her husband was searching for a parking spot, a woman approached the car and said something to Appellant. (N.T. 3/23/15, 63-64). Ms. Huynh told her husband that she did not want to be involved in what was occurring and told him to drive away. (N.T. 3/23/15, 64).

## DISCUSSION

In his 1925(b) statement, Appellant first raises numerous issues challenging the sufficiency of the evidence. He argues that the Commonwealth failed not to prove beyond a reasonable doubt that he possessed the intent to hire a prostitute or that he did in fact "hire" a prostitute.[2] In reviewing a claim that alleges that the evidence was insufficient to support a verdict, the Pennsylvania Supreme Court provides the following standard of review:

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction... does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict... [A]ll of the evidence and any inferences drawn therefrom must be viewed in the light most favorable to the Commonwealth as the verdict winner.

Commonwealth v. Ratsamy, 934 A.2d 1233, 1235-1236 (Pa. 2007) (emphasis in original).

The Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. Commonwealth v. Duncan, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). A reviewing court may not substitute its judgment for that of the fact finder, and where the record contains support for the convictions, they may not be disturbed. Id. The finder of fact is free to believe some, all, or none of the evidence presented. Commonwealth v. Hartle, 894 A.2d 800, 804 (Pa. Super. 2006).

Here, Appellant was convicted of the crime of patronizing prostitutes which is codified,

---

[2] In his 1925(b) statement Appellant also argues that the evidence was insufficient to support a charge of criminal solicitation. Appellant was not convicted of that charge so that claim is a nullity.

3

in 18 Pa C S A §5902(e). It states:

> Patronizing prostitutes.-- A person commits the offense of patronizing prostitutes if that person hires a prostitute or any other person to engage in sexual activity with him or her or if that person enters or remains in a house of prostitution for the purpose of engaging in sexual activity.

18 Pa C S A §5902(e).

Pursuant to 18 Pa.C.S.A. § 302(b)(1)

> (1) A person acts intentionally with respect to a material element of an offense when:
>
> (i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and
> (ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

Drawing all inferences in favor of the Commonwealth as the law requires, it is clear that the evidence was sufficient to sustain the verdict finding Appellant guilty of violating 18 Pa C S A §5902(e). Officer Rosenbaum testified that Appellant signaled her to come over to his car and then asked for oral sex. He then offered to pay the officer $20.00 for the sex act. In engaging in this conduct, Appellant manifested his intent to hire the officer for a sex act. Because the officer was masquerading as a prostitute, Appellant's conduct satisfies the criteria necessary to sustain a conviction. Under the totality of circumstances, this was sufficient to satisfy the elements of 18 Pa C S A §5902(e) because he contracted to purchase oral sex for $20.00.

Accordingly, it is suggested that Appellant's sufficiency claimed be deemed lacking in merit.

Appellant next argues that this Court erred by "giving improper weight to the testimony of the police officer who was the sole witness of the prosecution, given her conflicting testimony

4

about the alleged crime." Appellant's 1925(b) Statement. Issue D. As noted above, the trier of fact may believe all, part, or none of the testimony. Here, this Court found Officer Rosenbaum's testimony credible, a decision this Court submits is unassailable.

To the extent that Appellant's claim challenges the weight of the evidence, any such claim should be rejected because Appellant failed to state why he believes this to be the case.

In order to preserve a weight of the evidence claim for appellate review, said claim must be presented to the trial court or else it is waived.

> Regarding Appellant's weight of the evidence claim we note that Appellant did not make a motion raising a weight of the evidence claim before the trial court as the Pennsylvania Rules of Criminal Procedure require. See Pa.R.Crim.P. 607(A).22 The fact that Appellant included an issue challenging the verdict on weight of the evidence grounds in his 1925(b) statement and the trial court addressed Appellant's weight claim in its Pa.R.A.P 1925(a) opinion did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion. Pa.R.Crim.P. 607(A); Steiner v. Markel, 600 Pa. 515, 968 A.2d 1253, 1257 (2009) (holding that inclusion of an issue in a 1925(b) statement that has not been previously preserved does not entitle litigant to appellate review of the unpreserved claim); Mack, 850 A.2d at 694 (holding weight claim waived by noncompliance with Pa.R.Crim.P. 607, even if the trial court addresses it on the merits); Commonwealth v. Burkett, 830 A.2d 1034, 1037 (Pa.Super.2003) (same). See also Commonwealth v. Little, 879 A.2d 293, 300–301 (Pa.Super.2005), appeal denied, 586 Pa. 724, 890 A.2d 1057 (2005); Commonwealth v. Washington, 825 A.2d 1264, 1265 (Pa.Super.2003). Appellant's failure to challenge the weight of the evidence before the trial court deprived that court of an opportunity to exercise discretion on the question of whether to grant a new trial. Because "appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence," Commonwealth v. Widmer, 560 Pa. 308, 744 A.2d 745, 753 (2000), this Court has nothing to review on appeal. We thus hold that Appellant waived his weight of the evidence claim because it was not raised before the trial court as required by Pa.R.Crim.P. 607.

Commonwealth v. Sherwood, 982 A.2d 483, 494 (Pa. 2009).

In accordance with the holding of Sherwood, it is respectfully suggested that Appellant's weight claim be deemed waived.[3]

Appellant next complains that this Court erred by permitting the prosecutor to mischaracterize his employment and the name of the handyman during his closing address. Although Appellant did not identify where in the record the complained of argument appears, it is believed that he is referring to the following comments:

[1] [PROSECUTOR]: Your Honor, I don't think
[2] the officer is mistaken. I think the act of
[3] this defendant in the story is alarming.
[4] I think the fact that they have
[5] conflicting stories about how long they know
[6] this handyman -- supposedly the wife says that
[7] they known him a long time, this defendant says
[8] I just met him once before that, or I didn't
[9] know him very well, and this defendant changes
[10] his names -- and changes his name at two
[11] different times. Today he called him Hume, and
[12] then saying it's Sung Tran. He changes his
[13] job, saying Johnson and Johnson, and then he
[14] says --
[15] MR. TINARI: Objection.

(N.T. 3/23/15, 83).

In Commonwealth v. Thomas, 54 A.3d 332 (Pa. 2012), the Court stated:

> A trial court's rulings on matters pertaining to prosecutorial misconduct in a closing argument are reviewed "for an abuse of discretion ... Comments by a prosecutor constitute reversible error only when their effect is to prejudice the jury, forming in [the jurors'] minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict ... While it is improper for a prosecutor to offer any personal opinion as to the guilt of the defendant or the credibility of the witnesses, it is entirely proper for prosecutor to summarize

---

[3] Even if the claim had been preserved no relief would be due Appellant. Any inconsistency was for this Court to resolve and the fact that any inconsistency was resolved in favor of the Commonwealth does not support a weight claim. Commonwealth v. Simmons, 662 A.2d 621, 630 (Pa. 1995) (holding that mere inconsistencies do not support a weight of the evidence claim).

6

the evidence presented, to offer reasonable deduction and interences from the evidence, and to argue that the evidence establishes the defendant's guilt ... In addition, the prosecutor must be allowed to respond to defense counsel's arguments, and any challenged statement must be viewed not in isolation, but in the context in which it was offered ... 'The prosecutor must be free to present his or her arguments with logical force and vigor,' and comments representing mere oratorical flair are not objectionable."

Thomas, 54 A.3d 337–8 (Pa.2012) (internal citations omitted).

Instantly, a review of the record shows that the complained of comments were predicated on evidence of record. During Appellant's cross-examination, the prosecutor attempted to impeach his credibility by showing that he had given different responses during his first trial when asked the name of the handyman and about where he was employed. (N.T. 3/23/15, 50-51). Thus, the prosecutor's arguments were supported by the record and no error was committed by refusing to preclude those remarks.

Even if the remarks were improper, it is suggested that no relief is required because this was a waiver trial. "[A] trial court, acting as the finder of fact, is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence." Commonwealth v. Smith, 97 A.3d 782, 788 (Pa. Super. 2014), citing Commonwealth v. Dent, 837 A.2d 571 (Pa.Super.2003). This Court submits that it did not give much, if any, credence to the arguments here complained of because Appellant presented plausible explanations for the apparent inconsistencies in his testimony at both of his trials and therefore, it is suggested that no relief be granted with respect to this claim.[4]

Finally, Appellant argues that error occurred as a result of the denial of his Motion for Reconsideration of Sentence "given the nature of the offense, the personal characteristics of the defendant, and the defendant's potential for rehabilitation." 1925(b) Statement, Issue G. The

_____

[4] See N.T. 3/23/15, 49-50, 51, 54-55.

7

proper standard of review when considering whether to affirm a trial court's sentencing determination is an abuse of discretion. An abuse of discretion is more than a mere error in judgment; thus a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2007) citing Commonwealth v. Smith, 673 A.2d 893, 895 (Pa. 1996). In imposing a sentence, the court must consider the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community and the rehabilitative needs of the defendant as well as the sentencing guidelines. 42 Pa. C.S.A.§ 9721(b), Walls, 926 A.2d at 963.

Here, the defendant challenges a discretionary aspect of sentencing. There is no automatic right to appeal a discretionary aspect of sentencing, so this appeal must be considered as a petition for permission to appeal. Commonwealth v. Tuladzieki, 522 A.2d 17 (Pa. 1987). There are four (4) pre-requisites to the proper preservation of an issue regarding the discretionary aspects of sentencing: (1) the issue must be specifically preserved in a timely motion to modify sentence; (2) a timely notice of appeal must be filed; (3) the issue must be set forth in the issues to be raised on appeal in the statement of questions presented; and (4) the issue must be included within a concise statement of the reasons for allowance of appeal which demonstrates a substantial question that the sentence imposed was not appropriate under the sentencing code. (Pa. Super. 1997). While it appears Appellant properly preserved the issue, it is suggested that he is not entitled to relief.

As noted above, Appellant claims that this Court failed to consider mitigating circumstances. It is well settled that a claim that alleges that the trial court committed an abuse of discretion during a sentencing hearing by failing to consider mitigating factors does not raise a

8

substantial question. Commonwealth v. Lewis, 911 A.2d 558, 567 (Pa. Super. 2006). A defendant's mere dissatisfaction with the weight which a sentencing court gave mitigating factors does not warrant modification. Commonwealth v. Ellis, 700 A.2d 948, 958 (Pa. Super. 1997). Given that Appellant claim here rests entirely on a claim that the Court did not consider mitigating circumstances relief should be denied for that reason alone.

Even had Appellant presented a substantial claim no relief would be due. First, the sentence at issue in the present case was within the guideline ranges. During the sentencing hearing, it was revealed that the Sentencing Guidelines recommended a sentence of RS-to three months, plus or minus three months, based on Offense Gravity Score of 1 and a Prior Record Score of Three. (N.T. 3/23/15, 86). When a sentence is within the guideline ranges, it must be determined whether the sentence is "clearly unreasonable." 42 Pa. C.S.A. § 9781(c)(2). Commonwealth v. Dodge, 957 A.2d 1198, 1200 (Pa. Super. 2008). The reasonableness inquiry is based in part on the factors set forth in 42 Pa. C.S.A. § 9781(d). Under that statute, the reviewing court must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the opportunity of the sentencing court to observe the defendant, including any presentence investigation; the findings upon which the sentence was based; and the guidelines promulgated by the commission. Id.; Dodge, supra. In addition, a sentence may be unreasonable if the sentencing court fails to consider the factors set forth in 42 Pa. C.S.A. § 9721(b): *i.e.*, the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant. Walls, supra.

Under these standards, the sentence imposed was not unreasonable or an abuse of discretion because all of the factors above were considered when this Court fashioned its sentence. Although pre-sentence reports were not prepared, this Court was aware that Appellant

9

was married, was employed, and that he had a child, facts that were elicited at trial. The Court was also aware that Appellant had not engaged in criminal conduct for some time and of the nature of the crime herein. Given all of the foregoing, it is suggested that the instant claim be deemed lacking in merit because it is clear that the sentence imposed herein was not unreasonable, did not constitute an abuse of discretion, and that the Court considered all of the required factors in fashioning Appellant's sentence. See Commonwealth v. Griffin, 804 A.2d 1 (Pa. Super. 2002) (where a judge who makes a discretionary sentencing decision has been fully informed of pertinent facts, his discretion should not be disturbed).

## CONCLUSION

Based on the foregoing, it is respectfully suggested that the judgment of sentence entered in this matter against appellant be affirmed.

BY THE COURT,

Date: January 21, 2016

Daniel D. McCaffery, J.

10

## CERTIFICATION OF SERVICE

I, James Molinari, Esquire, Law clerk to the Honorable Daniel D. McCaffery hereby certifies that on the 21st day of January, 2016, by first class mail, postage prepaid, a true and correct copy of the attached opinion was served upon the following:

Phong N. Tran, Esquire
107 Fairway Tterrace
Mount Laurel, N.J. 08054

Hugh Burns, Esquire
Chief-Appeals Unit
Office of the Philadelphia
District Attorney
Three South Penn Square
Philadelphia, PA 19107

James Molinari, Esquire

11