825 A.2d 1264 (2003)
COMMONWEALTH of Pennsylvania, Appellee,
v.
Andre WASHINGTON a/k/a Aaron Washington, Appellant.
Superior Court of Pennsylvania.
Submitted January 21, 2003.
Filed May 28, 2003.
Jeffrey P. Minehart, Philadelphia, for appellant.
Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.
BEFORE: HUDOCK, ORIE MELVIN and CAVANAUGH, JJ.
OPINION BY ORIE MELVIN, J.:
¶ 1 Appellant, Aaron Washington, appeals from the judgment of sentence imposed after he was convicted of aggravated assault, conspiracy, possessing instruments of crime, and violating the Uniform Firearms Act (possessing firearms on public streets or public property in Philadelphia).[1] His sole contention on appeal is that the verdict is against the weight of the evidence. We affirm.
*1265 ¶ 2 The trial court set forth the relevant facts as follows.
On July 24, 1999 at approximately 3:45 PM, [Appellant's] co-defendant, Travis Hampton, was involved in a brief, but heated verbal exchange with [a] bar employee, Richard Meyers, at the Caddi Bar at 25th Street and York Street in Philadelphia, Pa. While leaving the bar, Hampton aggressively pushed patron Stephen Jones out of his way. The two also had a tense verbal exchange and then Hampton left the bar. Jones left the bar two or three minutes after Hampton. While driving away from the bar, Jones saw Hampton and another young, black male on 26th Street and West Dakota Street. From his van, Jones asked Hampton if he wanted to discuss what occurred in the bar. Jones testified that Hampton responded, "You want to talk? Talk. I'll blow your damn head off," and aimed a silver, automatic firearm at Jones. Jones drove away ducking, and consequently hit several cars and a pole.
Richard Meyers testified that five to ten minutes after Hampton left the Caddi Bar, he saw him and another young, black male, later identified by Meyers as the [Appellant], approach the bar. At that time Meyers was standing at the front door of the bar. Meyers testified that Hampton opened the door and then the [Appellant] punched him in the face, causing him to fall backward onto other patrons.
The [Appellant] then aimed a gun in the direction of Meyers, who was in front of Carolyn Boyer as she sat at the bar. Boyer turned to look towards the door. She testified as follows:
Q: When you were at the front door, what did you see?
A: A gun.
Q: Just a gun in midair?
A: II froze. I seen a gun pointed like this (indicating).
[THE PROSECUTOR]: Indicating for the record with two hands.
THE WITNESS: With two hands on it.
Q: Were you able to see or identify the person who had the gun?
A: All I seen was the gun.
Q: Do you remember what color the gun was?
A: It was silver.
* * *
The [Appellant] fired once, hitting Boyer. The bullet went through her left leg, entered her right leg and stopped in the bone [resulting in] significant, permanent injuries from the assault.
Trial Court Opinion, 9/11/02, at 2-4 (citations to record omitted). Appellant was tried jointly with Hampton. After both were convicted of the aforementioned offenses, Appellant was sentenced to an aggregate term of imprisonment of 17 to 45 years. This timely appeal followed.
¶ 3 The sole issue raised is whether the verdict is against the weight of the evidence. Before reaching the merits of that question, however, we must determine whether it has been properly preserved for consideration on appeal because no post-trial motion was filed raising this issue. Pennsylvania Rule of Criminal Procedure 607 provides in relevant part as follows:
(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
(1) orally, on the record, at any time before sentencing;
(2) by written motion at any time before sentencing; or
(3) in a post-sentence motion.
*1266 Pa.R.Crim.P. 607(A)(1)-(3). Here, Appellant first raised his claim that the verdict was against the weight of the evidence in his brief on appeal. As he did not comply with Rule 607, we must find that this claim is waived.
¶ 4 We recognize that the trial court addressed this issue in its opinion filed pursuant to Pa.R.A.P. 1925(a) despite the absence of a post-trial motion. We also note that this Court has previously proceeded to review such a claim where the trial court did so in the first instance in Commonwealth v. Goodwine, 692 A.2d 233, 236 (Pa.Super.1997) (explaining that "it is clear that this Court may review a weight of the evidence claim, even if the claim has not been preserved through post-sentence motions, as long as the trial court has addressed the claim in its Rule 1925 opinion," regardless of whether the trial court resolved the issue in favor of the appellant.) However, we also note that Goodwine was decided prior to the most recent amendments to the Rules of Criminal Procedure. The present rule clearly requires that such a claim be raised initially by a motion to the trial court, and Appellant's failure to do so compels us to find the issue waived.[2]
¶ 5 Judgment of sentence affirmed.
NOTES
[1] 18 Pa.C.S.A. §§ 2702(1), 903, 907, and 6108, respectively.
[2] Even were we to reach the merits of this claim, we would not find that Appellant is entitled to relief. The trial court, in the exercise of its discretion, may award a new trial on the basis that the verdict is against the weight of the evidence if the verdict is so contrary to the evidence as to shock one's sense of justice. Commonwealth v. Gibson, 553 Pa. 648, 663-64, 720 A.2d 473, 480 (1998), cert. denied, 528 U.S. 852, 120 S.Ct. 132, 145 L.Ed.2d 111 (1999). The trial court concluded that the verdict was not against the weight of the evidence, and we must agree. Review of the record does not reveal a verdict which is shocking to one's sense of justice.