J-S44045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID EUGENE LINT | |
| Appellant | No. 539 WDA 2015 |

Appeal from the PCRA Order March 18, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001804-2012

BEFORE:  LAZARUS, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED SEPTEMBER 15, 2015**

David Eugene Lint appeals from the order of the Court of Common Pleas of Fayette County denying his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After our review, we affirm the order based on the opinion authored by the Honorable John F. Wagner, Jr.

On August 7, 2013, a jury convicted Lint of the charge of persons not to possess, use, manufacture, control, sell or transfer firearms.  *See* 18 Pa.C.S.A. § 6105(a)(1).  On August 26, 2013, the trial court sentenced Lint to a term of incarceration of four to ten years.  Lint did not file a post-sentence motion.

Lint filed a direct appeal on September 3, 2013. This Court affirmed the judgment of sentence. *Commonwealth v. Lint*, 1422 WDA 2013 (unpublished memorandum, filed March 7, 2014).[1]

On April 10, 2014, Lint filed a PCRA petition. The court appointed counsel for Lint. Following a hearing, the PCRA court denied Lint's petition. Lint filed this appeal and raises two issues for our review:

1. Whether the PCRA court erred by not finding trial counsel ineffective for failing to request a curative instruction or a mistrial after the court sustained the objection to the improper remarks made by the prosecutor during his closing argument?

2. Whether the court erred by not finding trial counsel ineffective for failing to present a post-sentence motion raising a weight of the evidence claim to the trial court, which caused this issue to be waived on appeal?

When reviewing an order denying PCRA relief, we must determine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005). In order to succeed on a

---

[1] On direct appeal, Lint raised a challenge to the sufficiency of the evidence, however, the issue was argued in his appellate brief as a weight of the evidence challenge. Because defense counsel did not file a post-sentence motion, this Court found the claim waived on appeal. *See* Pa.R.Crim.P. 607(A). Lint also claimed the prosecutor's statement during closing argument was prejudicial. However, the certified record on appeal did not include the transcript of the closing arguments. We, therefore, found this claim waived as well. *Lint*, *supra*. *See Commonwealth v Preston*, 904 A.2d 1 (Pa. Super. 2006).

claim of ineffective assistance of counsel, an appellant must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the appellant prejudice. ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001). Prejudice requires proof that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. ***Id***.

After reviewing the parties' briefs, the certified record, the applicable law and the opinions of both the trial court[2] and the PCRA court, we conclude that Lint's ineffectiveness claims are meritless. The PCRA court has set forth the facts and procedural history of the case as they relate to the ineffectiveness claims on appeal, has reviewed the evidence, and has determined the ineffectiveness claims are meritless. We adopt the PCRA court's reasoning, and we affirm the denial of PCRA relief on the basis of the PCRA court's opinion. We direct counsel to attach a copy of the opinion in the event of further proceedings.

Order affirmed.

_____

[2] We note that the Honorable Ralph C. Warman (now retired), addressed the sufficiency of the evidence claim in his Pa.R.A.P. 1925(a) opinion. That claim was briefed on direct appeal as a weight of the evidence claim.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/15/2015</u>

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :    No. 1804 of 2012

vs.    :

DAVID LINT,    :

DEFENDANT

## PCRA OPINION and ORDER

Wagner, P.J.

Before the Court is a timely first PCRA petition on which a hearing was held on November 17, 2014 and February 19, 2015. The second hearing date was necessitated by the unavailability of trial counsel at the time of the initial hearing due to medical reasons. At the initial hearing, Petitioner appeared with court-appointed counsel, Attorney James V. Natale, and put forth the following two issues: (1) Ineffective assistance of trial counsel, Mary Spegar, Esq., for failing to request a curative instruction or mistrial following alleged improper remarks made by Assistant District Attorney Anthony Iannamorelli in his closing argument, and (2) Ineffective assistance for failing to file a motion for a new trial based on the weight of the evidence. For the second hearing date, Petitioner appeared via videoconference, although all other participants, including his PCRA counsel were present in person.

The evidence adduced at trial established that on September 21, 2012, Petitioner was a felon, having previously been convicted of aggravated assault. On that date, Pensylvania State Police Trooper Timothy Motte, working undercover, met with Petitioner at a gas station in

13

Dunbar Township, Fayette County, Pennsylvania. Based upon information that had been conveyed to him, the trooper had a functioning, operable 9 millemeter handgun wrapped in a piece of cloth and carried in a plastic shopping bag, and when he asked who wants this gun, Petitioner answered that he did. Trooper Motte handed the bag with the gun to him, and Petitioner started to look at the weapon. Petitioner told the trooper that he also wanted ammunition and magazines for the weapon, and agreed that the trooper should drill off the serial number. Petitioner then returned the gun to the police officer. N.T. pp. 15-20. Petitioner is currently serving a sentence in SCI—Greene related to this incident, having been convicted by the jury of one charge of Possession of Firearm Prohibited, 18 Pa.C.S. § 6105.

A PCRA petitioner, basing his claims upon the alleged ineffective assistance of trail counsel, will be granted relief only when he proves by a preponderance of the evidence that his conviction resulted from the ineffectiveness which, under the circumstances of his specific case, so undermined the truth-determining process that no reliable adjudication of the petitioner's guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed to be effective unless the petitioner pleads and proves all of the following: The issue is colorable, counsel's action or failure to act had no reasonable basis designed to effectuate the petitioner's interests, and the petitioner suffered prejudice in that, but for counsel's action or failure, the outcome of the trial would likely have been different. Commonwealth v. Walker, 36 A.3d 1 (Pa. 2011). It is the petitioner's burden to prove counsel's ineffectiveness. Commonwealth v. Natividad, 595 Pa. 188, 938 A.2d 310 (2007). If the petitioner's evidence is not sufficient to prove each and every one of these prongs, the PCRA court may deny relief. Id. With this standard in mind, the Court will now discuss the claims of trial counsel's alleged ineffectiveness.

(1) Petitioner's first claim of ineffectiveness is based on the failure of trial counsel,

14

Mary Spegar, a staff attorney with the Fayette County Public Defender's Office, to request either a curative instruction or a mistrial after the prosecutor made allegedly improper remarks during his closing argument. The remarks at issue are:

The gun that you saw, [...], if you believe that that is a weapon designed to push a projectile by means of explosives, to put a bullet through, a gun under the statute, the mere fact that he didn't put a bullet in it is only so that he could be here to testify today.

As reflected in the trial record, Attorney Spegar objected to the prosecutor's statements, and the Honorable Ralph C. Warman, now retired, sustained the objection.

The trial record establishes, and trial counsel concedes, that she did not ask for a curative instruction nor request a mistrial when Judge Warman sustained her objection to assistant district attorney Iannamorelli's improper closing remarks. Attorney Spegar's testimony at the PCRA hearing indicates that she incorrectly believed that her objection had somehow preserved this issue because her objection was on the record. However, as the Superior Court Memorandum Opinion dated April 22, 2014, pointed out, Judge Warman sustained her objection so that counsel's appellate argument based on the judge "permitting" the improper remarks was, as the Superior Court expressly stated, "erroneous." Obviously, when a judge sustains an objection to improper trial testimony or argument, the judge is in no way permitting the impropriety or allowing it to continue, and if counsel thinks her client has been harmed by the impropriety, she must take further action such as requesting an instruction or perhaps a mistrial. Otherwise, it is not the judge who has caused possible harm to the accused, but rather counsel herself.

Nevertheless, the law is longstanding and very clear that not every intemperate remark by a prosecutor is so serious as to require a declaration of mistrial or the granting of a new trial. The touchstone is not the culpability of the prosecutor for making the improper argument, but

rather the fairness of the trial in its entire context for Petitioner. Commonwealth v. Rivera, ___ A.3d ___, 2014 WL 7404541 (Pa. 2014). Reversible error occurs only when the effect of the intemperate remark is to form a fixed bias in the minds of the jury and engender hostility toward the accused. Commonwealth v. Watkins, ___ A.3d ___, 2014 WL 7392224 (Pa. 2014). See also Commonwealth v. Stoltzfus, 337 A.2d 873 (Pa.1975). Review of the record, including the entire trial transcript and the transcription of Attorney Iannamorelli's closing, has convinced this Court that the objectionable remark did not taint the fairness of the trial itself, nor was it of a type to form a fixed bias or hostility in the minds of the jurors. Aside from his own testimony regarding counsel's failure to pursue the matter further after Judge Warman sustained her objection, Petitioner offered no evidence tending to establish that he suffered any harmful prejudice at trial arising from the intemperate statement and/or from trial counsel's conduct. Petitioner has, therefore, failed to meet his burden of proof on this issue. In the absence of demonstrable prejudice, there has been no ineffective assistance of counsel.

(2) Petitioner next asserts that trial counsel was ineffective for not presenting a post-sentence motion raising a weight of the evidence claim to the trial court, resulting in waiver of the issue on appeal. See Commonwealth v. Washington, 825 A.2d 1264 (Pa.Super. 2003). Although trial counsel's testimony at hearing on this matter demonstrates her apparent ignorance of the long-standing law in this Commonwealth that a weight of the evidence claim must be raised in a post-sentence motion, her failure to file a post-sentence motion in this instance did not prejudice Petitioner. A claim that the verdict is against the weight of the evidence concedes that the evidence is sufficient to support the verdict. Commonwealth v. Moreno, 14 A.3d 133 (Pa.Super. 2011). The initial determination of credibility and weight to be afforded the evidence is for the factfinder, who is free to believe all, part, or none of the evidence presented.

16

Commonwealth v. Kane, 10 A.3d 327 (Pa.Super.2010). A court must not reverse a verdict on this type of claim unless that verdict is so contrary to the evidence as to shock one's sense of justice. Id. After due consideration of the trial record concerning Petitioner's illegal attempt to obtain a firearm which entailed his possession thereof, albeit briefly, this Court's sense of justice was not shocked at all by the verdict. Although now-retired Judge Warman was the trial judge who would have ruled on the post-sentence motion if one had been presented to him, this Court does not think the verdict would have shocked him, either. In any event, Petitioner failed to prove otherwise, and thus did not meet his burden of proof relative to this issue.

Accordingly, based upon the foregoing discussion, the Court enters the following:

## ORDER

Wagner, P.J.

AND NOW, March ___18___, 2015, the within timely first PCRA petition is hereby DENIED.

BY THE COURT:

_____, P.J.

ATTEST:

_____
Clerk of Courts

17