J-S86034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HENRY B. RICHTER | |
| Appellant | No. 755 WDA 2016 |

Appeal from the Judgment of Sentence April 18, 2016
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000476-2013

BEFORE: GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED DECEMBER 06, 2016**

Appellant, Henry B. Richter, appeals from the judgment of sentence entered in the Somerset County Court of Common Pleas, following his jury trial conviction of aggravated indecent assault and endangering welfare of children ("EWOC").[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

> WHETHER THE EVIDENCE PRESENTED AT TRIAL
> SUFFICIENTLY ESTABLISHED THAT [APPELLANT]

_____

[1] 18 Pa.C.S.A. §§ 3125(a)(8) and 4304(a)(1), respectively.

_____

*Former Justice specially assigned to the Superior Court.

COMMITTED THE AGGRAVATED [INDECENT] ASSAULT—
LESS THAN 16 YEARS OF AGE AND ENDANGERING THE
WELFARE OF A CHILD?

(Appellant's Brief at 7).

A challenge to the sufficiency of the evidence implicates the following legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Crime Code defines aggravated indecent assault in relevant part as follows:

### § 3125.  Aggravated indecent assault

- 2 -

**(a) Offenses defined.—**Except as provided in section 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

\* \* \*

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. §§ 3125(a)(8).

The Crimes Code defines the endangering welfare of children in relevant part as follows:

**§ 4304. Endangering welfare of children**

**(a) Offense defined.—**

(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

\* \* \*

(3) As used in this subsection, the term "person supervising the welfare of a child" means a person other than a parent or guardian that provides care, education, training or control of a child.

18 Pa.C.S.A. §§ 4304(a)(1), (a)(3). The Commonwealth must prove the

following to sustain an EWOC conviction: (1) the accused was aware of his duty to protect the child; (2) the accused was aware that the child was in circumstances that could threaten the child's physical or psychological welfare; and (3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare. **Commonwealth v. Bryant**, 57 A.3d 191, 197 (Pa.Super. 2012).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Scott P. Bittner, we conclude Appellant's issue on appeal merits no relief.[2] The trial court opinion fully discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed June 21, 2016, at 3-9) (finding: Appellant waived his sufficiency of evidence challenge due to his failure to specify in Rule 1925(b) statement which elements of offenses lacked sufficient evidence; even if preserved, Appellant's challenge to his aggravated indecent assault conviction has no merit; Appellant's son

_____

[2] In his brief, Appellant purports to raise a challenge to the weight of the evidence along with his challenge to the sufficiency of the evidence. Nevertheless, Appellant failed to raise his weight claim after sentencing in a post-sentence motion or in his Rule 1925(b) statement. **See Commonwealth v. Washington**, 825 A.2d 1264 (Pa.Super. 2003) (explaining failure to raise weight of evidence claim in trial court at sentencing or in post-sentence motion constitutes waiver for purposes of appeal). Thus, Appellant's challenge to the weight of the evidence is waived for purposes of our review.

testified he saw Appellant standing with his pants down behind Victim who also had her pants down; Appellant's son also stated Appellant later told him, "I know what you saw isn't right and you shouldn't have [seen] it"; Victim testified that Appellant's son walked in on her and Appellant having sex on date of incident; Commonwealth presented DNA evidence, which showed Appellant's semen on blanket along with Victim's DNA; Commonwealth established Appellant was more than four years older than Victim as Victim was fourteen years old and Appellant was forty-five years old on date of incident; Commonwealth also demonstrated Appellant and Victim were not married, through testimony that explained why Victim was living with Appellant and his fiancée at time of incident; based on this evidence, jury determined Commonwealth presented sufficient evidence to sustain aggravated indecent assault conviction; Appellant's challenge to his EWOC conviction similarly fails; Victim was under eighteen years of age when Appellant engaged in sexual intercourse with Victim; Appellant demonstrated he was Victim's caretaker when he testified that he provided Victim with food, lodging, and transportation around time of incident; Appellant reiterated status as Victim's caretaker when he admitted Victim had to abide by his household rules; under these circumstances, jury determined Commonwealth presented sufficient evidence to sustain EWOC conviction; therefore, Appellant's challenge to sufficiency of evidence to support his convictions warrants no relief).  Accordingly, we affirm on the

basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/6/2016

COMMONWEALTH ) IN THE COURT OF COMMON PLEAS
OF SOMERSET COUNTY,
v. ) PENNSYLVANIA

HENRY B. RICHTER, )
) 476 CRIMINAL 2013
Defendant. )

CLERK OF COURTS
SOMERSET, PA

2016 JUN 21 PM 3: 52

FILED FOR RECORD

## OPINION PURSUANT TO Pa.R.A.P. 1925(a)

This Opinion is issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

### I. FACTUAL AND PROCEDURAL HISTORY

On October 17, 2013, the District Attorney filed a Criminal Information charging Henry B. Richter ("Defendant") with twenty counts of both Statutory Sexual Assault,[1] a first-degree felony, and Aggravated Indecent Assault,[2] a second-degree felony. She also charged Defendant with Endangering the Welfare of Children.[3] These charges arise out of Defendant having had sexual relations with his fourteen year old niece, an instance of which was witnessed by one of Defendant's sons, who reported what he witnessed, which initiated the chain of events culminating in Defendant's arrest and prosecution.

On Father's Day, 2013, i.e., June 16, 2013, Defendant's minor son B.R. descended the stairs in the family residence and witnessed the victim, N.H., bent over with her pants down, and Defendant standing directly behind her with his pants down, from which B.R. immediately concluded that the two were having sex. Trial Tr. 1.113-17, Jan. 19, 2016. N.H. was fourteen at the time. *Id.* at 1.46, 1.85. B.R. ran upstairs and notified his brother, and through a series of communications, the police were eventually notified. *Id.* at 1.116, 1.79-80. The police

---

[1] 18 Pa. Cons. Stat. § 3122.1(b).

[2] 18 Pa. Cons. Stat. § 3125(a)(8).

[3] 18 Pa. Cons. Stat. § 4304(a)(1).



9 pages

subsequently commenced an investigation which ultimately led to Defendant's arrest. *Id.* at 1.40-58.

Defendant pleaded not guilty to all charges on December 10, 2013. We granted a continuance to the Commonwealth because DNA testing results were unavailable, and we granted multiple continuances to Defendant in order to obtain new counsel, to review discovery, and prior to and subsequent to a hearing conducted on Defendant's omnibus pre-trial motion. We granted the Commonwealth two more continuances, and then granted Defendant another continuance based on a conflict with defense counsel's pre-paid vacation to China. Another continuance was granted to Defendant because of his counsel's unavailability for reasons not appearing in the record.

The District Attorney filed an Amended Criminal Information on January 15, 2016 in which the same charges were filed, but the number of counts pertaining to the Statutory Sexual Assault and Aggravated Indecent Assault charges dropped from twenty to five. The case proceeded to jury trial on January 19 and 20, 2016, after which the jury returned a verdict of not guilty as to Statutory Sexual Assault, and guilty as to Aggravated Indecent Assault and Endangering the Welfare of Children.

On April 18, 2016, the Commonwealth sought a Sexually Violent Predator ("SVP") designation for Defendant, and Defendant indicated that he was willing to stipulate to the evidence that would be introduced at the SVP hearing, that it would be sufficient to support an SVP designation, and that he did not wish to exercise his right to have a hearing on the issue. Sentencing Tr. 5-7, Apr. 18, 2016. Defendant subsequently moved for acquittal, which we denied. *Id.* at 8.

On April 18, 2016, we sentenced Defendant to, *inter alia*, thirty-six (36) months to one

2

hundred twenty (120) months incarceration in a state correctional institution based on the Aggravated Indecent Assault conviction, and nine (9) months to eighteen (18) months for the Endangering the Welfare of Children conviction, with the prison sentences to be served concurrently. *Id.* at 17-18. Additionally, having found that Defendant is an SVP, the Defendant is also subject to a mandatory lifetime reporting requirement. *Id.* at 18.

Defendant filed a Notice of Appeal on May 17, 2016, and on May 19, 2016, we ordered Defendant to file a Concise Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b), with which Defendant complied on June 8, 2016.

## II. ANALYSIS

In his 1925(b) statement, Defendant lists one issue: "Whether the evidence presented at trial sufficiently established that the defendant committed the aggravated indecent assault—less than 16 years of age[,] and endangering the welfare of a child?" Def.'s Concise Issues, Jun. 8, 2016. As discussed *supra*, Defendant moved for acquittal at sentencing, though the grounds for acquittal were not stated. However, Defendant also moved for acquittal at the close of the Commonwealth's case: "[W]e would move for judgment of acquittal. It is our opinion [that] the Commonwealth has not proven its case beyond a reasonable doubt as to the elements of the offenses, particularly the statutory sexual intercourse, the aggravated indecent assault, endangering the welfare of a child." Trial Tr. 1.179. Defense counsel at that time proceeded to attempt to cast doubt generally on the testimony of the victim, the Commonwealth's expert witness, and Defendant's sons. *Id.*

However, in Defendant's 1925(b) statement, nowhere does Defendant allege with specificity the elements of the offenses that were not sufficiently established. Pa.R.A.P. 1925(b)(4)(ii) provides, "The Statement shall concisely identify each ruling or error that the

3

appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge...." And, pursuant to Rule 1925(b)(4)(vii), "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."

We respectfully submit that, per Rule 1925(b)(4)(vii), Defendant has waived his sufficiency of the evidence claims because of his failure to comply with Rule 1925(b)(4)(ii). According to the Superior Court, "[W]hen challenging the sufficiency of the evidence on appeal, the Appellant's 1925 statement must 'specify the element or elements upon which the evidence was insufficient' in order to preserve the issue for appeal." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. Ct. 2009) (citing *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. Ct. 2008)). As the Superior Court emphasized, "Such specificity is of particular importance in cases where, as here, the Appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Id.* (citing *Williams*, 959 A.2d at 1258 n. 9).

Here, Defendant failed to specify exactly which elements of the offenses there was insufficient evidence to support. Both Aggravated Indecent Assault and Endangering the Welfare of Children have four elements, any of which Defendant could be contesting; therefore, Defendant has failed to specifically identify the issues pertinent to his appeal. However, we hereafter briefly address each of the elements of both offenses in the event that the Superior Court does not deem Defendant's allegation of error waived.

In evaluating the sufficiency of the evidence, "the test is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Harper*, 403 A.2d 536, 538-39 (Pa. 1979) (internal

4

citations omitted).

Aggravated indecent assault requires a finding of four elements beyond a reasonable doubt; the elements have been restated by the Pennsylvania Suggested Standard Criminal Jury Instructions as follows:

> *First*, that the defendant penetrated the [genitals] [or] [anus] of [*name of child*] with the defendant's finger or other body part;
>
> *Second*, that [*name of child*] was a child under the age of 16;
>
> *Third*, that the defendant was four or more years older than the child; and
>
> *Fourth*, that the defendant and the child were not married to each other.

Pa. Standard Suggested Jury Instructions (Crim), §15.3125D (2012).

The evidence was sufficient for the jury to conclude beyond a reasonable doubt that Defendant penetrated the victim's genitals with one of his body parts: Defendant's son, B.R. testified that he descended the stairs to find Defendant standing with his pants down behind the victim who also had her pants down, and that B.R. could see the victim's pubic area, and that some time after, his father said, "I know what you saw isn't right and you shouldn't have saw it." Trial Tr. 1.113-19, Jan. 19, 2016. The victim testified that she had been having sex with Defendant at that time. *Id.* at 1.88-89. And, while we note that it has long been recognized that "the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence from the defense witnesses," *Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa. Super. Ct. 2006), there was the additional testimony of B.R., as we indicated *supra*, and there was also DNA evidence establishing that Defendant's semen was present on a blanket along with the victim's DNA. *See, e.g.*, Trial Tr. 1.156-57; Com.'s Ex. G, Jan. 19, 2016. Between the victim's testimony, Defendant's son's

5

corroborating testimony, and the DNA evidence, there was more than sufficient evidence to support a finding beyond a reasonable doubt that Defendant had had sex multiple times with the victim, an instance of which B.R. witnessed, notwithstanding the fact that the victim at one point denied she had been sexually abused by Defendant, Trial Tr. 1.95, or that the victim had made previously made allegations against other persons in the past. *See, e.g., id.* at 1.99, 1.64-65; Trial Tr. 2.10, Jan. 20, 2016.

The second element was established beyond a reasonable doubt. Here, the sex act between Defendant and the victim occurred on Father's Day of 2013, i.e., June 16, 2013. Trial Tr. 1.87. The victim testified that she was born on ⸓, which would have made her fourteen on the date of the incident. *Id.* at 1.85. The investigating officer, Trooper First Class Goins also ascertained the victim's age as of the date of the incident to be fourteen. *Id.* at 1.46.

Similarly, the evidence was sufficient to support a finding that the third element was established beyond a reasonable doubt: Trooper Goins testified that Defendant's date of birth was September 7, 1967, which would make him forty-eight years old at the date of the trial and forty-five on the date of the incident. *Id.* at 1.45. Because there were thirty-one years' difference between Defendant's age and victim's age, the third element is satisfied.

The fourth element was likewise proven beyond a reasonable doubt, i.e., that Defendant and the victim were not married. Defendant testified that he and his fiancée took the victim in because "she was having problems at home, being rebellious, other problems." Trial Tr. 2.5. Defendant at this time was in a physically intimate relationship with the victim's aunt (his fiancée) at this time, *id.* at 2.13-14, and in fact, Defendant's fiancée was pregnant with his child at the time of the incident. *Id.* at 2.14. While Defendant and the victim's aunt were not married, she held herself out as his wife by using his last name, and she subsequently bore Defendant a

6

second child. *Id.* at 2.32-33. They have been together eleven years, and the relationship between Defendant's fiancée and the victim is a blood relationship; however, the victim is not related by blood to Defendant even though the victim's mother is currently married to Defendant's brother. *Id.* at 2.33-34.

Defendant testified that he did not consider himself to be a caretaker for the victim: "I just provided the meals for her, a place to live." *Id.* at 2.31. However, he would drive the victim to her child protective services meetings. *Id.* at 2.8. The victim had also been included in family activities such as going "to town, shopping...Boy Scouts. She went along to the meetings held out there. While I was driving bus, towards the end, I was picking up other kids and taking them to church. I had them go along to help out as well." *Id.* at 2.7.

Having established that the victim was Defendant's niece; that Defendant was engaged to the victim's aunt and they had been in a relationship for eleven years; that the victim was fourteen at the time of the incident; that Defendant and his fiancée took the victim into their home because she was a troubled child; and that Defendant and his fiancée served as caretakers to the child, the evidence adduced was sufficient to find that Defendant was not married to the victim, thereby satisfying the final element of the offense. *See, Harper*, 403 A.2d at 538-39 (stating, "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.") (internal citations omitted). *See also*, 23 Pa. Cons. Stat. § 1304(b)(1) ("No marriage license may be issued if either of the applicants for a license is under 16 years of age unless the court decides that it is to the best interest of the applicant and authorizes the issuance of the license.").

An Endangering the Welfare of a Child conviction also requires a finding that four elements have been met beyond a reasonable doubt:

*First*, that the defendant endangered the welfare of the child by violating a duty of care, protection, or support.

*Second*, that the defendant endangered the welfare of the child knowingly. A person's conduct is knowing when he or she is aware that it is practically certain that his or her conduct will cause a particular result.

*Third*, that the defendant was at the time a parent, guardian, person supervising the welfare of the child under the age of 18, or a person that employs or supervises such a person....

*Fourth*, that the child was under the age of 18 years at the time of the endangering.

Pa. Standard Suggested Jury Instructions (Crim), §15.4304A (2008).

We reemphasize that Defendant has failed to specify which elements of this offense are alleged to have insufficient supporting evidence; therefore, we again submit that, as discussed *supra*, case law, as well as the Rules of Appellate Procedure, support a finding that Defendant's issue has been waived for appeal purposes. However, we hereafter respond in the event that Defendant's allegation of error is entertained.

In reverse order, the fourth element of this offense, i.e., that the victim was under the age of eighteen on the date of the incident, was established through the victim's testimony as well as through testimony given by the investigating officer, as illustrated *supra*.

The third element has similarly been satisfied beyond a reasonable doubt, as we have shown above: Defendant himself testified that he provided food and lodging to the victim, that he took her to church gatherings, family vacations, and child protective services meetings; furthermore, there was testimony by the victim that Defendant was the one to establish the household rules according to which the victim had to abide. Trial Tr. at 1.87. There was ample evidence to support the jury's finding that Defendant was a person supervising the welfare of a child under eighteen on the date of the incident.

8

The second and first elements of this offense are likewise satisfied: a victim's testimony that a defendant has had some form of sexual contact or intercourse with her is sufficient to permit a jury to conclude beyond a reasonable doubt that a defendant is guilty of, *inter alia*, Endangering the Welfare of Children. *See, Charlton*, 902 A.2d at 561-62. Between the victim's testimony, the DNA evidence, and Defendant's own sons' testimony, the jury could conclude beyond a reasonable doubt that Defendant committed a sex act on the victim which is sufficient to support a finding that Defendant knowingly endangered the welfare of the victim.

For the foregoing reasons, we submit that Defendant was properly convicted of Aggravated Indecent Assault and Endangering the Welfare of Children.[4]

RESPECTFULLY SUBMITTED:

_____
Scott P. Bittner, J.

Dated: June 21, 2016

For Commonwealth:  Lisa Lazzari-Strasiser, Esq., District Attorney
For Defendant:       Tancredi Calabrese, Esq.

---

[4] To the extent that Defendant's convictions are inconsistent with his acquittal on the remaining charge of statutory sexual assault, juries are permitted to render inconsistent verdicts, and "a[n] acquittal cannot be interpreted as a specific finding in relation to some of the evidence," and a "long line of cases from both [the Pennsylvania Supreme] Court and the United States Supreme Court…unequivocally permit inconsistent jury verdicts and prohibit drawing inferences from a jury's verdict of acquittal." *Commonwealth v. Moore*, 103 A.3d 1240, 1250 (Pa. 2014).

9