J-A25028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KATHLEEN HAYDU, :
:
Appellant : No. 3551 EDA 2017

Appeal from the Judgment of Sentence September 22, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-SA-0000059-2017

BEFORE: PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, J. **FILED MAY 03, 2019**

Kathleen Haydu appeals from the judgment of sentence entered in the
Bucks County Court of Common Pleas following her conviction of the summary
offense of driving while operating privilege is suspended or revoked for driving
under the influence ("DUI").[1] Haydu attacks both the sufficiency and weight
of the evidence underlying her conviction. We affirm.

The trial court accurately summarized the facts of this case:

On August 18, 2015, [Haydu] was issued a traffic citation, No.
C2662293-4, by Officer Clifford Snyder of the Bensalem Township
Police Department for the summary offense of [d]riving [w]hile
[o]perating [p]rivilege is [s]uspended – DUI [r]elated, 75
Pa.C.S.A. § 1543(b)(1)[i]. After fifteen continuances of her
scheduled summary trial dates, she subsequently pled guilty to
that offense on January 10, 2017, under docket no. MJ-07101-TR-
0003065-2015, before Magisterial District Judge Michael W.
Gallagher.[] Judge Gallagher thereafter sentenced her to sixty []

_____

[1] 75 Pa.C.S.A. § 1543(b)(1)(i).

days of incarceration but approved her for immediate house arrest or work release providing she met the appropriate criteria.[]

On January 30, 2017, [Haydu] filed *pro se* a [n]otice of [s]ummary [a]ppeal to the [c]ourt of [c]ommon [p]leas from her judgment of sentence, and a hearing was scheduled for April 7, 2017, under Bucks County Docket No. CP-09-SA-0000059-2017. After four continuances, three of which were requested by [Haydu], a hearing was held on September 22, 2017.

At that hearing, Officer Snyder testified that on August 18, 2015, he effectuated a traffic stop of [Haydu] at Street Road and Marvin Avenue in Bensalem Township, Bucks County, after he ran a check and determined that her vehicle registration was suspended and the vehicle registration and insurance had expired. He then determined [Haydu's] license had been suspended as a result of a prior DUI incident that occurred in December of 2000. [Haydu] was then issued three separate citations, her vehicle was towed, and she was provided a ride back to the hotel where she had been staying. At the district court, [Haydu] eventually agreed to plead guilty to the charge [d]riving [w]hile [o]perating [p]rivilege is [s]uspended in exchange for the dismissal of the other two citations.

[Haydu] then testified on her own behalf, explaining that she had appealed the citation because "the DUI is from 17 years ago." She stated she believed she had completed all of the requirements stemming from that conviction, including highway safety classes, "court ordered AA classes [and] a psychological evaluation at Penndel Mental Health," and that "the case was closed in May of 2002." [Haydu] insisted that PennDOT would not "drop the DUI suspension" of her license because the court had not notified PennDOT that she had completed the court ordered treatment programs. She argued that the "beginning date of the suspension is the date of your release from incarceration," that the "court has to send PennDOT the date of that release or they never credit for you," and that "that DUI suspension is in within that one year, which this one year for this DUI is long past…. This DUI suspension is long over with." [Haydu] did acknowledge, however, that she had filed within the past year a petition to restore her license which was denied by the Honorable Albert J. Cepparulo of this bench.

On cross examination, [Haydu] refused to acknowledge that her driving abstract revealed that she had been convicted in 1995 and 1996 of driving without a license, that her license had been suspended in 1997, and had never been restored after those convictions, and that she actually had two DUI convictions in 2000. [Haydu] was insistent that her driving abstract was "inaccurate," and that there were classes and programs that she had completed that were "not reported to PennDOT [by the court]… which is why I cannot get the license."

At the conclusion of the hearing, [the trial c]ourt determined that the issue of [Haydu's] DUI conviction in 2000 was not in dispute, and that [Haydu] incorrectly believed that "serving out the sentence on the DUI means that the suspension has been satisfied, and she won't hear anything different from that." After concluding that "the facts are there, the elements of the offense are clear, and the disposition is mandatory," [the trial court] sentenced [Haydu] to pay the cost of prosecution and a $500 fine and to a period of incarceration of 60 days.

*See* Trial Court Opinion, filed 4/17/18, at 1-3 (internal citations to the record omitted). This timely appeal follows.

On appeal, Haydu raises the following issues:

1. Was the evidence insufficient to convict []Haydu[] of 75[]Pa.C.S.[A. §] 1543(b)(1)[i], driving on a DUI suspended license, if the Commonwealth failed to prove beyond a reasonable doubt that [Haydu] was operating or in actual physical control of a motor vehicle while her license was DUI suspended?

2. Was the verdict against the weight of the evidence as the overwhelming weight of the evidence established [Haydu's] license should have been restored to full operating privileges at the time she was found to be operating or in actual physical control of a motor vehicle?

Appellant's Brief, at 4.

Prior to addressing Haydu's issues on appeal, we must address the untimely nature of Haydu's concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On October 14, 2017, the court ordered Haydu to file the statement within 21 days. However, the court extended the time for Haydu to file this statement until 21 days after the filing of the notes of testimony from her summary trial.

The notes of testimony from trial were filed on February 6, 2018. Therefore, Haydu was required to file her statement by Tuesday, February 27, 2018. Haydu did not file her statement until March 29, 2018. However, no one has noted this discrepancy. Additionally, the court has addressed Haydu's issues in its opinion pursuant to Rule 1925(a). *See Commonwealth v. Brown*, 145 A.3d 184, 186 (Pa. Super. 2016) (explaining that "where the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits"). Therefore, we will address the issues on their merits.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). "As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and

inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Thomas*, 988 A.2d 669, 670 (Pa. Super. 2009)(citations omitted).

Section 1543(b)(1)(i) of the Motor Vehicle Code, driving while operating privilege is suspended or revoked, DUI-related, provides, in relevant part:

> (i) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked … []relating to driving under influence of alcohol or controlled substance[] … shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1)(i). The trial court addressed Haydu's sufficiency challenge as follows:

> At the hearing on this matter on September 22, 2017, [the trial c]ourt was presented with undisputed evidence revealing that [Haydu] had been stopped on August 18, 2015, while in possession and control of her vehicle by Officer Snyder, and while her license was suspended. In addition, [the trial c]ourt heard undisputed evidence that [Haydu] had been convicted seventeen years earlier in 2000 of DUI, which resulted in the suspension of her license. We also were presented with evidence in the form of [Haydu's] driving abstract that revealed her license had been suspended as of 1997, that it had never been restored subsequent to her convictions in 2000 for DUI, and that her license was in fact suspended until the year 2046. That evidence not only clearly but overwhelmingly established that [Haydu] was in violation of 75 Pa.C.S.A. § 1543(b)(1)[i].

Trial Court Opinion, filed 4/17/18, at 5. The trial court's recitation of facts are well supported by the record. *See* N.T., Trial, 9/22/17 at 18-30 (Officer Snyder's testimony). Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we agree with the trial court's

conclusion that there was ample evidence to sustain Haydu's conviction for driving while operating privilege is suspended or revoked, DUI-related. Therefore, we find Haydu's first issue on appeal, meritless.

Next, Haydu challenges the weight of the evidence underlying her conviction. Specifically, Haydu contends her conviction was against the weight of the evidence because she established at trial that her "license should have been restored to full operating privileges" years before she was currently charged. **See id**., at 4, 12. However, because Haydu failed to preserve this challenge in the trial court, we find this issue waived.

It is well-settled that an appellant must preserve a challenge to the weight of the evidence with the trial court by raising it in a motion for a new trial. **See Commonwealth v. Griffin**, 65 A.3d 932, 938 (Pa. Super. 2013). This can be presented in a written motion, before sentencing; orally, at sentencing; or in a post-sentence motion. **See** Pa.R.Crim.P. 607(A)(1)-(3).

We recognize that our case law has allowed review of weight challenges that were not initially presented to the trial court under circumstances similar to here. **See Commonwealth v. Dougherty**, 679 A.2d 779, 784-785 (Pa. Super. 1996). However, this jurisprudence was abrogated when the rules of criminal procedure were re-numbered and amended on March 1, 2000. **See Commonwealth v. Washington**, 825 A.2d 1264, 1266 (Pa. Super. 2003). While Haydu was procedurally barred from filing a post sentence motion under Rule 720(D), this does not remove her responsibility to preserve a weight challenge with the trial court through the other two methods permitted to raise

- 6 -

a motion for a new trial. *See id*. ("The present rule clearly requires that [a weight claim] be raised initially by a motion to the trial court"). Here, Haydu failed to raise her weight challenge before the trial court. Thus, she has waived this issue for our review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/19