J-S22042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFF RZEPSKI | : | |
| | : | |
| Appellant | : | No. 240 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 2, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004681-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFF RZEPSKI | : | |
| | : | |
| Appellant | : | No. 241 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 2, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007063-2019

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:  **FILED AUGUST 22, 2022**

Jeff Rzepski ("Rzepski") appeals from the judgment of sentence imposed following his convictions for strangulation, simple assault, witness intimidation ("intimidation"), and harassment.[1]  We affirm.

The trial court summarized the relevant factual history as follows:

---

[1] **See** 18 Pa.C.S.A. §§ 2718, 2701, 4952, 2709.

[Susan] Wahl had been in a romantic relationship and married to [Rzepski] for nearly twenty years. On June 10, 2019, after a couple hours of sleep, [Rzepski] attempted to get Ms. Wahl to drive him to work (nearly three hours away) and stay with him at the job site for up to eight hours in 100[-]degree weather. When [Ms. Wahl] refused to drive [Rzepski] to the job site, [Rzepski] twisted her arm behind her back and grabbed her by the throat and began to strangle her with one hand to the point where she was barely able to breathe.

[Rzepski] released Ms. Wahl and she then grabbed her phone and ran to the bathroom. [Rzepski] then hit Ms. Wahl with a closed fist in her eye. Ms. Wahl testified that after leaving the bathroom, she went to the bedroom to call 911. [Rzepski] then grabbed his keys, including the key to their shared car, and walked to his mother's house. When the police arrived, [Ms. Wahl] focused on her injuries in their conversation. Detectives took some pictures of Ms. Wahl's injuries at the station, and she took some herself as well. From June 13 to June 16, 20[19], Ms. Wahl testified that [Rzepski] was back living in the house that they shared while she was waiting for the warrant to be executed. [Rzepski] was arrested approximately a week after [the] June 10, 20[19] [incident]. A stay-away order was issued as a condition of his bail.

[Rzepski] continually called [Ms. Wahl] on her cell phone from prison, and she mostly did not answer his calls. When she did answer, [Rzepski] continually told her to "[remember what you did in Florida for me]," where she had not come forward regarding [Rzepski's] prior domestic abuse. Ms. Wahl took his statements to [remember what she did in Florida for him] as intimidating her to not testify. No other *quid pro quo* or financial incentive was offered by [Rzepski] to [Ms. Wahl]. In a victim impact statement, Ms. Wahl made it clear that over the course of their relationship, [Rzepski] had a negative impact on the lives of her and her son. [Rzepski] had previously pressured Ms. Wahl not to come forward and press charges [for his prior domestic abuse of Ms. Wahl in Florida], and had a witness tampering conviction from Florida.

Trial Court Opinion, 10/8/21, at 2-4 (citations and unnecessary capitalization omitted).

Police charged Rzepski with strangulation and simple assault at docket 4681 of 2019, and with intimidation and harassment at docket 7063 of 2019. The matter proceeded to a consolidated non-jury trial at the conclusion of which the trial court found Rzepski guilty of strangulation, intimidation, simple assault, and harassment. On September 2, 2020, the trial court sentenced Rzepski to four to eight years in prison for strangulation, followed by five years of probation for intimidation. The court imposed no further penalties for simple assault and harassment. Rzepski timely filed a post-sentence motion which was denied by operation of law. Rzepski then timely filed a notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Rzepski raises the following issues for our review:

1. Was not the evidence insufficient as a matter of law to establish the elements of intimidation beyond a reasonable doubt, where the words uttered, "think back on Florida" are so ambiguous that they do not satisfy the requisite intent necessary to constitute an act of intimidation under 18 Pa.C.S.[A.] § 4952(a)(1), and is any attempt to divine such meaning improper conjecture and speculation?

2. Did not the trial court abuse its discretion in not granting [Rzepski's] post-sentence motion for a new trial, as the verdict was so contrary to the weight of the evidence as to shock one's sense of justice, where the testimony was vague, inconsistent and incredible?

Rzepski's Brief at 4.

In his first issue, Rzepski challenges the sufficiency of the evidence supporting his conviction for intimidation. In reviewing a sufficiency challenge, the following standard and scope of review apply to our analysis:

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Palmer*, 192 A.3d 85, 89 (Pa. Super. 2018).

The crime of intimidation is defined as follows:

A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:

(1) Refrain from informing or reporting to any law enforcement officer, prosecuting official or judge concerning any information, document or thing relating to the commission of a crime.

18 Pa.C.S.A. § 4952(a)(1). In intimidation cases, "the facts of each case and the history between the actor and the witness will determine whether such communications, without more, qualify as 'intimidation.'" *Commonwealth v. Lynch*, 72 A.3d 706, 710 (Pa. Super. 2013). If the requisite *mens rea* is present, intimidation can occur without bullying or fearsome words. *See Commonwealth v. Doughty*, 126 A.3d 951, 957 (Pa. 2015) (holding that "proof of manifest threats is not required" and that "a mere look or posture

can bully, threaten, coerce, frighten, or intimidate beyond question"). A history of threatening and invective behavior between two parties is relevant to whether there is sufficient evidence of intimidation. *See id*. at 958.

Rzepski argues that his instruction to Ms. Wahl that she "think back on Florida" is too ambiguous to satisfy the requisite intent needed for an intimidation conviction. *See* Rzepksi's Brief at 12. Rzepski asserts that he "never asked [Ms. Wahl] not to come to court, or threatened her over the phone, or offered any money or incentive." *Id*. He contends that the Commonwealth failed to provide any testimony, phone recordings, or other extrinsic evidence indicative of prior criminal conduct or domestic violence. *Id*. at 13. Rzepski also contends his instruction to Ms. Wahl was so ambiguous that numerous "innocent interpretations" could be inferred from it, and therefore, to derive a malicious intent from the phrase would be improper speculation and conjecture. *Id*. Rzepski claims that his phone call to Wahl did not reflect an abusive history, nor did he engage in invective behavior during the call. *Id*. at 14. Rzepski argues that "[b]ecause of the ambiguity, this Court cannot distinguish whether the statement is mere pleading and begging, inducement or a call to do the right thing and not proceed with false charges against him." *Id*. at 15. Rzepski contends that Ms. Wahl's fear cannot serve as a substitute for proof of his intent to intimidate her. *Id*. at 16.

The trial court considered Rzepski's sufficiency challenge and determined that the evidence was sufficient to support his intimidation conviction. The court reasoned as follows:

Here, the prosecution submitted evidence of a witness tampering conviction in Florida in order to demonstrate what [Ms. Wahl] would have understood "[remember what you did in Florida for me]" to mean. Yes, intent on the part of [Rzepski] rather than just the intimidating effect on the victim is required for a witness intimidation conviction. Conversely, an attempt to intimidate may be unsuccessful due to unequal power dynamics, yet still be sufficient for a conviction due to the requisite intent.

The "circumstances in their entirety" make clear that [Rzepski] intended to intimidate [Ms. Wahl] into not testifying. Setting aside any hidden meaning in "[remember what you did in Florida for me]," [Rzepski] was continually calling [Ms. Wahl] despite the stay-away order. Taking into account the witness tampering conviction [Rzepski] received in Florida, the meaning of "[remember what you did in Florida for me]," becomes much clearer. Moreover, it becomes harder to dispute the intention on [Rzepski's] part. Under ***Doughty***, "proof of manifest threats is not required," and intent to intimidate is to be inferred by the fact-finder from the totality of the circumstances. In this case, it was appropriate for the court to find [Rzepski] guilty of witness intimidation and the charge should be sustained on appeal.

Trial Court Opinion, 10/8/21, at 5-6 (citations omitted).

Viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, and granting every reasonable inference, we conclude that the evidence was sufficient to support Rzepski's conviction for intimidation. The Commonwealth presented evidence that Rzepski domestically abused Ms. Wahl when they were in Florida, and that she did not report that abuse to authorities. After physically assaulting Ms. Wahl in this case, Rzepski

- 6 -

repeatedly called her while he was in prison, despite a stay-away order. Ms. Wahl testified as follows regarding Rzepski's telephone calls from prison:

> [Prosecutor]: What did [Rzepski] say to you on those phone calls?
>
> [Ms. Wahl]: To the best of my knowledge to remember, he had said that – something like he was going to kill himself in there if he stayed without me. And then he kept telling me to remember what I did in Florida for him. And he kept saying what I did in Florida and he kept saying it.
>
> [Prosecutor]: And, Ms. Wahl, what did that statement mean to you?
>
> [Ms. Wahl]: Drop charges.
>
> [Prosecutor]: How did you feel when he said that?
>
> [Ms. Wahl]: Scared.
>
> [Prosecutor]: And why did it mean what it meant to you?
>
> [Ms. Wahl]: Because this happened before.

N.T., 3/6/20, at 19.

Sitting as fact-finder, the trial court could reasonably infer that by instructing Ms. Wahl to remember what she did for him in Florida, and by threatening to kill himself if he had to remain in prison without her, Rzepski intended to intimidate Ms. Wahl into, once again, dropping the charges of domestic abuse against him. For these reasons, we conclude the evidence was sufficient to establish each element of Rzepski's intimidation conviction, including the element of intent. Accordingly, Rzepski's first issue merits no relief.

In his second issue, Rzepski contends that each of his convictions are against the weight of the evidence. Initially, we must determine whether Rzepski preserved his weight challenge for our review. Pursuant to Pa.R.Crim.P. 607, a challenge to the weight of the evidence must be preserved in a post-sentence motion or prior to sentencing orally or through a written motion. Here, Rzepski purported to raise a weight challenge in his post-sentence motion. *See* Post-Sentence Motion, 9/11/20, at 2-4. However, Rzepski therein confined his weight challenge to his conviction for intimidation. Therefore, he failed to preserve any weight challenge to his remaining convictions. *See Commonwealth v. Washington*, 825 A.2d 1264, 1266 (Pa. Super. 2003) (holding that the failure to raise a weight challenge before the trial court results in waiver of the claim on appeal).

Moreover, our review of Rzepski's post-sentence motion reveals that, rather than presenting a challenge to the weight of the evidence supporting his intimidation conviction, he claimed only that the evidence was insufficient to support that conviction. *See* Post-Sentence Motion, 9/11/20, at 2. Rzepski claimed that "[t]here was no evidence indicating why [Ms. Wahl] took the [instruction] in that way," and that, "other than Ms. Wahl's reaction, there was no evidence that [Rzepski] intended to intimidate her by making that statement." *Id*. By repeatedly asserting there was "no evidence" to support his intimidation conviction, Rzepski presented a challenge to the sufficiency of the evidence rather than the weight of the evidence. Indeed, Rzepski made

no assertion in his post-sentence motion that any particular fact established at trial should be accorded greater weight than other facts. ***See Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000) (holding that, when challenging the weight of the evidence, the appellant must convince the trial court that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice). Here, as Rzepski conflated a weight challenge with a sufficiency challenge, he failed to preserve a weight challenge for our review. ***See Commonwealth v. Sexton***, 222 A.3d 405, 416 (Pa. Super. 2019) (finding the appellant failed to develop a challenge to the weight of the evidence because he conflated his weight and sufficiency claims). Accordingly, Rzepski's weight challenge is waived.

In sum, we conclude that the evidence was sufficient to support Rzepksi's intimidation conviction, and that he waived his challenge to the weight of the evidence. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2022