J. S93013/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| V. | : | |
| | : | |
| NORMAN WOODBERRY, | : | |
| | : | |
| APPELLANT | : | |
| | : | No. 2717 EDA 2015 |
| | : | |

Appeal from the Judgment of Sentence August 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001998-2015

BEFORE: DUBOW, SOLANO AND PLATT[*], JJ.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 22, 2017**

Appellant appeals from the Judgment of Sentence imposed after a bench trial in the Philadelphia Court of Common Pleas, and challenges the weight of the evidence. In addition, Appellant's counsel, Michael J. Graves, Jr., Esq., has filed a Brief pursuant to **Anders** and **Santiago**,[1] and a Petition to Withdraw. We affirm the Judgment of Sentence, and grant counsel's Petition to Withdraw.

The facts, as gleaned from the certified record, are as follows. On January 2, 2015, and January 3, 2015, Officer Brian Kensey of the

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Philadelphia Police Department, was conducting plainclothes surveillance with the Narcotics Enforcement Team at the 6300 block of North Norwood Street in Philadelphia after receiving complaints of drug dealing occurring on the block. He observed Appellant and Appellant's co-defendant, Eddie Donald, speak with individual men on three different occasions while on or near the porch of the house located at 6327 Norwood. Appellant would accept U.S. currency from each man, and then give the men small packets, on one occasion after going into the home. After each transaction, Officer Kensey relayed a description of the buyer to back-up officers; police officers stopped each of the three men and found plastic packets containing crack cocaine and/or heroin in their possession.

On January 3, 2015, Sergeant Andre Simpson arrested Appellant on the front porch of 6327 Norwood Street. Appellant was lying on his stomach when Officer Simpson handcuffed him, rolled him over, and told him to sit up. Officer Simpson then found a clear bag containing four pink-tinted Ziploc packets holding crack cocaine that had been under Appellant's body. Other police officers, who had been in the house prior to Officer Simpson's arrival, recovered a clear packet of heroin from inside the house, along with new and unused Ziploc plastic packets in various colors.

The Commonwealth charged Appellant and his co-defendant with Manufacture, Delivery, or Possession with Intent to Deliver a Controlled Substance ("PWID"); Knowing and Intentional Possession of a Controlled

Substance; Use/Possession of Drug Paraphernalia; and Criminal Conspiracy.[2]

Appellant filed an Omnibus Motion seeking to suppress the evidence, which the trial court denied.

On August 4, 2015, a non-jury trial proceeded, at which four of the officers involved in the surveillance and arrests testified in detail about the events leading up to, and including, Appellant's and his co-defendant's arrest. At the conclusion of the trial that same day, the court found Appellant guilty of the three possession charges.[3] The court immediately sentenced Appellant on the PWID conviction to 9 to 23 months' incarceration in county prison with credit for time served, followed by 3 years' probation. No further penalty was imposed by the Court on the remaining convictions. Appellant did not file post-sentence motions.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant raised one issue in his Pa.R.A.P. 1925(b) Statement challenging the weight of the evidence.[4]

On August 2, 2016, counsel for Appellant filed an **Anders** Brief and a Petition to Withdraw as counsel. He also filed a copy of a letter addressed to

---

[2] 35 P.S. § 780-113(a)(30), (a)(16), and (a)(32); and 18 Pa.C.S. § 903, respectively.

[3] The court found Appellant not guilty of conspiracy. The trial court found Appellant's co-defendant to be not guilty of all of the offenses.

[4] The appeal was subsequently dismissed for failure to file a brief, but by Order dated July 18, 2016, this Court reinstated the appeal.

Appellant informing Appellant of counsel's Petition to Withdraw and his right to retain new counsel or proceed *pro se*. Appellant did not file a response.

In his **Anders** Brief, counsel raises the following issue on Appellant's behalf:

Based on the totality of the Philadelphia Police Officers' surveillance, observations, investigation and arrest of [Appellant], was the [c]ourt's [g]uilty [v]erdict against the weight of the evidence[?]

**Anders** Brief at 7.

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in **Anders** and its progeny. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that there are no meritorious issues to be raised on appeal. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the **Anders** Brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel. **Id**. **See also Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005).

The substance of the **Anders** brief must "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should

articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." ***Santiago***, 978 A.2d at 361.

Once counsel has satisfied the above requirements, it is then this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. ***See Goodwin***, ***supra*** at 291; ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

Counsel in the instant appeal has complied with the above requirements. We, therefore, proceed with our independent review of the record, first addressing the weight challenge raised in both the Rule 1925(b) Statement and the ***Anders*** Brief.

The only issue raised by Appellant was whether the verdict is against the weight of the evidence. Before reaching the merits of that question, we must determine whether it has been properly preserved for consideration on appeal. ***Commonwealth v. Washington***, 825 A.2d 1264, 1265 (Pa. Super. 2003). Pennsylvania Rule of Criminal Procedure 607 provides in relevant part as follows:

> (A)　A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> > (1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or
(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3).

Here, Appellant did not file a post-sentence motion. He first raised his claim that the verdict was against the weight of the evidence in his Pa.R.A.P. 1925(b) Statement. Because he did not comply with Rule 607, we must find, as did the trial court, that this claim is waived. **See** Trial Court Opinion, dated March 30, 2016, at 13.[5]

We further note that, although titled a weight challenge, the body of counsel's **Anders** Brief challenges the sufficiency of the evidence supporting

---

[5] In addition, we note that "[a] weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the grounds that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." **In re A.G.C.,** 142 A.3d 102, 109 (Pa.Super. 2016) (citation omitted). "Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." **Commonwealth. v. Widmer**, 744 A.2d 745, 753 (Pa. 2000) (citation omitted). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination of whether the verdict is against the weight of the evidence." **Id**. (citation omitted). Here, because Appellant did not file a post-sentence motion, the trial court was not presented with an opportunity to consider whether the verdict was against the weight of the evidence. However, in light of the testimony presented at trial, which the court found credible, we do not believe that the trial court would have abused its discretion had it been able to conclude that the verdict was not against the weight of the evidence. **See id**. (noting that "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." (citation omitted)).

Appellant's PWID conviction. The sufficiency challenge was not raised in Appellant's Rule 1925(b) Statement and, therefore, is also waived. Pa.R.A.P. 1925(b)(4)(vii).

However, in accordance with **Goodwin** and **Flowers**, **supra**, we have conducted an independent review of the record and conclude that, even if a sufficiency challenge had been properly preserved for appeal, we would conclude it has no merit.

We review a sufficiency challenge guided by the following precepts:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Ratsamy**, 934 A.2d 1233, 1236 n.2 (Pa. 2007)

Appellant challenges only his PWID conviction. The Pennsylvania Substance, Drug, Device and Cosmetic Act provides that a person, who is not authorized by appropriate registration or license, may not manufacture,

deliver, or possess a controlled substance with intent to manufacture or deliver, a controlled substance. 35 P.S. 780-113(a)(30).

> To convict a person of PWID, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it. In determining whether there is sufficient evidence to support a PWID conviction, all facts and circumstances surrounding the possession are relevant, and the Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence. Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant.

*Commonwealth v. Bricker,* 882 A.2d 1008, 1015 (Pa. Super. 2005) (internal citations omitted).

The Commonwealth may prove either actual or constructive possession of the drugs with proof of constructive possession requiring evidence of the defendant's intent and power to control the contraband. *Id*. at 1014.

In its Pa.R.A.P 1925(a) Opinion, the trial court provided a detailed recitation of the testimony provided by all four police officers involved in the surveillance and subsequent arrests of Appellant and his co-defendant. Our review of the record supports the trial court's recitation and we, thus, adopt it for purposes of this appeal. We conclude that, viewing the record evidence in the light most favorable to Commonwealth as the verdict winner, the Commonwealth proved each element of the PWID offense with sufficient evidence.

Accordingly, in light of the above and our further independent review of the record, we conclude that there are no meritorious issues to be raised on appeal, and the Judgment of Sentence should be affirmed.

The parties are directed to annex a copy of the trial court's March 30, 2016 Opinion to all future filings.

Judgment of Sentence affirmed. Counsel's Petition to Withdraw granted.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017