**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHEEK R. BLACKSTONE | : | |
| | : | |
| Appellant | : | No. 307 MDA 2018 |

Appeal from the Judgment of Sentence December 21, 2006
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001725-2006,
CP-22-CR-0001726-2006

BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 13, 2019**

Appellant, Rasheek R. Blackstone, appeals *nunc pro tunc* from the

December 21, 2006 judgment of sentence.  We affirm.

We previously summarized the initial procedural history as follows:

> On October 13, 2006, following trial, a jury convicted Appellant of two counts of recklessly endangering another person [("REAP")], one count each of aggravated assault, firearms not to be carried without a license, and unlawful to fire any weapon within city limits.[1,2]  On December 21, 2006, the trial court sentenced Appellant to an aggregate term of incarceration of not less than eight nor more than twenty years.  Appellant did not file a direct appeal.

---

[1]  18 Pa. C.S. §§ 2705, 2702(a)(1), 6106(a)(1), and City of Harrisburg Local Ordinance § 3-345(2), respectively.

[2]  Appellant was convicted of aggravated assault and REAP at Dauphin County Docket Number CP-22-CR-0001726-2006 and the firearms violations at Dauphin County Docket Number CP-22-CR-0001725-2006.  ***See*** note 4 *infra*.

---

*   Former Justice specially assigned to the Superior Court.

On December 7, 2015, Appellant filed a motion claiming that, in 2008, he had filed a petition under the [Post Conviction Relief Act ("PCRA")], which had never been decided by the court. (*See* Motion for Disposition of Pending Petition for PCRA Relief, 12/07/15, at 1). Appellant sought either a decision on the petition or immediate discharge. (*See id.* at 3). The [trial] court denied the motion on May 2, 2016. The instant timely appeal followed. The court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On July 26, 2016, the court issued a statement in *lieu* of a Rule 1925(a) opinion stating that there is no indication in either docket that a PCRA petition was ever filed for Appellant in 2008. Furthermore, the PCRA court reviewed Appellant's physical files and found no petition in any of them. (*See* PCRA Court Opinion, 7/26/16, at 2); *see also* Pa.R.A.P. 1925(a)).

*Commonwealth v. Blackstone*, 995 MDA 2016 (Judgment Order at 1–2, filed May 2, 2017). Appellant filed an appeal to this Court, whereupon we vacated the May 2, 2016 order denying Appellant's Motion for Disposition of Pending Petition for PCRA Relief. Because the record before us included a copy of the purported PCRA petition that appeared to be time-stamped by the Dauphin County Clerk of Courts on January 18, 2008, we remanded to the trial court with instructions to appoint counsel for Appellant and to schedule an evidentiary hearing to determine whether there was a breakdown in the operation of the court in 2008. *Id.*

Upon remand, after appointing counsel and pursuant to the agreement of defense counsel and the Commonwealth, the trial court reinstated Appellant's post-sentence and direct-appeal rights on November 7, 2017.

Order, 11/7/17.[3] Appellant filed a post-sentence motion pursuant to Pa.R.Crim.P. 720(B) on December 18, 2017, seeking modification of his sentence because "[t]he trial court abused its discretion when it overlooked several important mitigating factors, and in particular the sentence of the Trial Court did not adequately reflect [Appellant's] reduced mental capacity and rehabilitative needs." Post-Sentence Motion, 12/18/17, at unnumbered 3 (unnecessary capitalization omitted). The trial court denied the motion on January 25, 2018. Appellant filed a notice of appeal on February 13, 2018.[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant has addressed the absence of the notes of testimony from his October, 2006 trial. When notes of testimony are either not transcribed or are unavailable, an appellant may "prepare a statement of the evidence or

_____

[3] On November 13, 2017, appointed counsel sought the notes of testimony from Appellant's October, 2006 jury trial. The common pleas court filed an order on November 16, 2017, advising that the notes of testimony, which were older than seven years, were not retained according to county policy. The notes of testimony from the sentencing hearing, however, are included in the record.

[4] Appellant filed a single notice of appeal on February 13, 2018, which included both docket numbers. On June 1, 2018, our Supreme Court held, in a decision to be applied prospectively only, that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018). Because Appellant's consolidated notice of appeal in this matter was filed prior to our Supreme Court's June 1, 2018 decision in *Walker*, we need not quash the appeal.

proceedings from the best available means, including his recollection." Pa.R.A.P. 1923; **Commonwealth v. Lopez**, 57 A.3d 74, 82 (Pa. Super. 2012). When such a statement is prepared, it must then be served upon the appellee, who "may serve objections or propose amendments thereto within ten days after service." Pa.R.A.P. 1923. Appellant produced such statement on June 29, 2018, the trial court accepted the statement in the absence of a transcript on July 2, 2018, and the Commonwealth filed objections and proposed amendments on August 6, 2018.[5]

Appellant raises the following issues on appeal, which we have renumbered for ease of disposition:

   I.   Did the trial court commit reversible error when it allowed the verdict to stand as the finding of guilt was against the greater weight of the evidence presented at trial?

   II.  Did the trial court commit an abuse of discretion when it overlooked several important mitigating factors, and in particular the sentence of the trial court did not adequately reflect [Appellant's] reduced mental capacity and rehabilitative needs.

Appellant's Brief at 5 (unnecessary capitalization omitted).

Appellant's challenge in the first issue to the weight of the evidence is waived. While Appellant filed a post-sentence motion assailing the discretionary aspects of the sentence imposed, he did not challenge the weight

_____

[5] The Commonwealth had sought and was granted a thirty-day extension on July 9, 2018, from the trial court's July 2, 2018 acceptance of the statement pursuant to Pa.R.A.P. 1923.

of the evidence presented at trial by either an oral or written motion. **See Lopez**, 57 A.3d at 80 (failure to raise a weight-of-the-evidence challenge pursuant to Pa.R.Crim.P. 607[6] to the trial court results in waiver). The comment to Rule 607 clarifies that the purpose of the rule "is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Pa.R.Crim.P. 607, cmt. This is so because the general rule in this Commonwealth is that a weight-of-the-evidence claim is addressed to the discretion of the judge who actually presided at trial. **Commonwealth v. Edwards**, 903 A.2d 1139, 1148 (Pa. 2006).[7]

_____

[6] Rule 607 provides, in pertinent part:

> A) A claim that the verdict was against the weight of the evidence **shall** be raised with the trial judge in a motion for a new trial:
>
> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

Pa.R.Crim.P. 607 (emphasis added).

[7] The fact that the trial judge who presided at Appellant's trial has retired is not controlling in the instant case. Applying the rule of **Armbruster v. Horowitz**, 813 A.2d 698 (2002), in **Dolan v. Hurd Millwork Co., Inc.**, 195 A.3d 169 (Pa. 2018), our Supreme Court held that "where **a properly preserved weight of the evidence claim** is raised on appeal and the judge who presided at trial failed to rule on the claim and is now permanently unavailable to do so, the claim must be reviewed by the appellate tribunal in the first instance." **Dolan**, 195 A.3d at 174. Here, as noted, Appellant failed to preserve a claim to the weight of the evidence. **See also Commonwealth v. Izurieta**, 171 A.3d 803 (Pa. Super. 2017) (appellate court may review

In the instant case, while Appellant did file a post-sentence motion, he challenged only the discretionary aspects of his sentence; he did not challenge the weight of the evidence. While Appellant asserted the weight claim in his Pa.R.A.P. 1925(b) statement, raising the issue in a Rule 1925(b) statement is not sufficient to preserve it. **Commonwealth v. Sherwood**, 982 A.2d 483, 494 (Pa. 2009) (fact that the appellant included issue challenging the weight of the evidence in his Pa.R.A.P. 1925(b) statement and that trial court addressed weight claim in its Rule 1925(a) opinion did not preserve the issue for appellate review in the absence of an earlier motion).[8]

Appellant's second issue avers that the trial court abused its discretion when it failed to consider Appellant's reduced mental capacity and

_____

weight claim when trial judge no longer is available **when claim was properly preserved**).

[8] Even if Appellant had preserved his weight claim, he would gain no relief. "The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses.... An appellate court cannot substitute its judgment for that of the jury on issues of credibility." **Lopez**, 57 A.3d at 80–81 (internal citations omitted). Based upon Appellant's Pa.R.A.P. 1923 statement in *lieu* of a transcript, the trial court observed that the parties' presentation of eleven witnesses, including Appellant's own testimony, reveals that the jury "carefully weighed the testimony and evidence presented in reaching a unanimous decision." Trial Court Opinion, 9/6/18, at 9. This conclusion is bolstered by the jury's acquittal of Appellant on the most serious charge he faced, attempted murder. Moreover, in the exercise of its discretion, the trial court may award a new trial on the basis that the verdict is against the weight of the evidence if the verdict is so contrary to the evidence as to shock one's sense of justice." **Commonwealth v. Washington**, 825 A.2d 1264, 1266 n.2 (citation omitted). Our review of the record does not reveal a verdict that is shocking to "one's sense of justice." **Id.**

rehabilitative needs in imposing sentence. This issue challenges the discretionary aspects of Appellant's sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Herein, the first three requirements of the four-part test are met: Appellant brought a timely appeal and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Appellant's Brief at 15–16. Moreover, Appellant preserved the issue by filing a post-sentence motion.

Therefore, we next determine whether Appellant raised a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted).

Appellant submits that the sentence was excessive, and the trial court failed to consider Appellant's rehabilitative needs. Appellant's Brief at 15. We conclude that Appellant's challenge to the imposition of his sentence as excessive, together with his claim that the trial court failed to consider his rehabilitative needs, presents a substantial question. **See Commonwealth v. Johnson**, 125 A.3d 822, 826 (Pa. Super. 2015) (excessive sentence claim, in conjunction with assertion that sentencing court failed to consider mitigating factors, raises a substantial question). Thus, we grant Appellant's

application for allowance of appeal and address the merits of this sentencing claim. *Caldwell*, 117 A.3d at 770.

When reviewing a challenge to the discretionary aspects of sentencing, this Court will determine whether the trial court has abused its discretion. *Caldwell*, 117 A.3d at 770.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.* (quoting *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014)).

The record reveals that the trial court had before it the pre-sentence investigation ("PSI") report provided by the Pennsylvania Board of Probation and Parole. N.T. (Sentencing), 12/21/06, at 2. Indeed, defense counsel noted that it was "very comprehensive." *Id.* at 3. When a PSI report exists, this Court presumes that the trial court "was aware of relevant information regarding the defendant's character and weighed those considerations along with the mitigating statutory factors." *Commonwealth v. Finnecy*, 135 A.3d 1028, 1038 (Pa. Super. 2016).

Appellant suggests that while the trial court "admittedly considered Appellant's mental status and functional ability," it did so "in a vacuum" without considering what Appellant's reaction might be "when presented with

the situation Appellant found himself in." Appellant's Brief at 22. Appellant does not support this broad allegation with support from any source.

A review of the sentencing transcript indicates that the trial court considered Appellant's reduced mental capacity and rehabilitative needs in structuring the sentence imposed. In addressing this issue in the Pa.R.A.P. 1925(a) opinion, the trial court stated as follows:

> THE COURT: After hearing, the [c]ourt finds that the imposition of the following sentence to be appropriate, balancing the needs of society to be protected, the rehabilitation needs of [Appellant], the special needs of [Appellant], the need for a just punishment to be imposed for serious criminal activity, and at the same time to provide the potential for future progress and rehabilitation with [Appellant].
>
> The [c]ourt having ordered a presentence investigation report, having received the report and having read it cover to cover twice and certain other portions we read more than twice— we will order that the presentence investigation report shall be made a part of the official record under seal.
>
> * * *
>
> Based on all of the forgoing and the comments of the Commonwealth's counsel, defense counsel, [Appellant] and the representative, which is the grandmother, of the victim and also [Appellant's] mother, the [c]ourt finds that although we could easily justify the imposition of an aggravated range sentence in this circumstance, we will not do that and we will impose a sentence in the standard range.

N.T. (Sentencing), 12/21/06, at 38–39.

The sentencing transcript reveals an exhaustive combination of defense counsel's argument on Appellant's behalf, testimony by Appellant and his mother, and the trial court's reference to the thorough and comprehensive

PSI report in this case. N.T. (Sentencing), 12/21/06, at 3–7, 15–18, 18–20, 20–23, 27–29. We conclude that Appellant's claim that the trial court failed to consider his rehabilitative needs is meritless and belied by the record. We will not re-weigh those factors and impose our judgment in place of the sentencing court. ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/13/2019

- 11 -